UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA THREETS,                                    Case No. 14-10291

                    Plaintiff,                      Arthur J. Tarnow
v.                                                  United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                    Michael Hluchaniuk
                                                    United States Magistrate Judge

                    Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTION FOR SUMMARY JUDGMENT (Dkt. 12, 16)**

I.      **PROCEDURAL HISTORY**

        A.      Proceedings in this Court

        On January 22, 2014, plaintiff filed the instant suit seeking judicial review

of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge

Arthur J. Tarnow referred this matter to the undersigned for the purpose of

reviewing the Commissioner's decision denying plaintiff's claims for period of

disability, disability insurance and supplemental security income benefits.  (Dkt.

2).  This matter is before the Court on cross-motions for summary judgment.  (Dkt.

1

12, 16).  These motions are now ready for report and recommendation.

     B.    <u>Administrative Proceedings</u>

Plaintiff filed the instant claim for disability insurance and supplemental security income benefits on January 18, 2011, alleging disability beginning January 9, 2011.  (Dkt. 9-5, Pg ID 453-461).  Plaintiff's claims were initially denied by the Commissioner on June 15, 2011.  (Dkt. 9-4, Pg ID 392).  Plaintiff requested a hearing and on August 7, 2012, plaintiff testified before Administrative Law Judge ("ALJ") Penny Loucas who considered the case de novo.  (Dkt. 9-2, Pg ID 313-349).  In a decision dated September 27, 2012, the ALJ found that plaintiff was not disabled. (Dkt. 9-2, Pg ID 296-307).  Plaintiff requested a review of this decision, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council, on November 19, 2013, denied plaintiff's request for review.  (Dkt. 9-2, Pg ID 285-287); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED** and this matter be **REMANDED** for further proceedings under Sentence Four.

## II.   FACTUAL BACKGROUND

### A.   ALJ Findings

Plaintiff was born in 1970 and was 41 years old on the alleged disability onset date. (Dkt. 9-5, Pg ID 453). Plaintiff had past relevant work as a waitress, file clerk and fast food worker. (Dkt. 9-2, Pg ID 306). The ALJ applied the five-step disability analysis to plaintiff's claims and found at step one that plaintiff had not engaged in substantial gainful activity since January 9, 2011, the alleged on-set date. (Dkt. 9-2, Pg ID 298). At step two, the ALJ found that plaintiff had the following severe impairments: asthma, migraine headaches, degenerative disc disease, and depression complicated by polysubstance abuse in remission. *Id*. Plaintiff claimed she also suffers from fibromyalgia but the ALJ could not discern such a diagnosis from the records and hence characterized it as a non-medical impairment with overlapping symptoms to her other medically determined impairments. *Id*. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 9-2, PgID 298-300).

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform light work, except:

she can occasionally climb ramps, stairs, ladders, ropes
and scaffolds, stoop, kneel, crouch and crawl.  She can
frequently balance.  She needs to avoid concentrated
exposure to extreme temperatures, wetness, humidity,
vibrations, respiratory irritants, and hazards.  She can
understand, remember and carry out instructions
consistent with performing work at the SVP1 through
SVP 3 levels.  She can maintain concentration,
persistence and pace over a normal eight hour workday
and a 40 hour work week.  She has no limitation for
social interaction and she can adjust to routine changes
in the work place setting.

(Dkt. 9-2, Pg ID 300).  At Step Four, the ALJ found that plaintiff could perform

her past relevant work as a file clerk, fast food worker and waitress and therefore,

plaintiff had not been under a disability from the alleged onset date through the

date of the decision.  (Dkt. 9-2, Pg ID 306-307).

     B.    <u>Plaintiff's Claims of Error</u>

Plaintiff argues that the ALJ's decision of non-disability is not supported by

substantial evidence because the testimony provided by the Vocational Expert

(VE) was based upon inaccurately posed hypothetical questions that failed to

describe plaintiff's mental impairments.  (Dkt. 12, PgID 884).   Plaintiff concedes

that substantial evidence may be produced through testimony of the VE in

response to hypothetical questions, but only if those hypothetical questions

accurately portray the claimant's physical and mental impairments.  *See Lancaster*

4

*v. Comm'r of Soc. Sec.*, 228 Fed. App'x 563 (6th Cir. 2007).

Plaintiff indicates that the functional capacity report states that plaintiff has moderate limitations related to concentration, persistence and pace, and moderate limitations related to social interactions. (Dkt. 12, PgID 883; Dkt. 9-3, PgID 377-378). Plaintiff argues the ALJ erred by failing to include these limitations in the hypothetical questions posed to the VE, and that this failure requires this case to be remanded for further consideration and development of the record. (Dkt. 12, PgID 884).

C.    The Commissioner's Motion for Summary Judgment

The Commissioner argues that substantial evidence supports the ALJ's finding that plaintiff had no significant mental impairments, and thus the hypothetical questions posed to the VE appropriately omitted mental limitations. (Dkt. 16, PgID 908, 910). The Commissioner points out that plaintiff had no mental health treatment during her alleged period of disability, last treating for drug abuse in 2007. (Dkt. 16, PgID 908).

The Commissioner further contends that the ALJ properly disregarded the mental limitations imposed by state agency psychologist, Leonard C. Balunas, Ph.D. because they were inconsistent with other opinions contained within his

mental residual functional capacity assessment. As noted by the Commissioner in its brief, ALJs are not bound by findings made by state agency or other program physicians or psychologists, but they may not ignore these opinions and must explain the weight given to them in their decisions.  Social Security Ruling 96-6p, 1996 WL 374180, at *2.

The Commissioner notes that the ALJ explained that she discounted Dr. Balunas' limitations because plaintiff had not received mental health treatment after dropping out of treatment for substance abuse in 2008, and that Dr. Balunas' opined limitations were not supported by any evidence cited in the assessment. The Commissioner thus argues that the ALJ adequately explained her rejection of Dr. Balunas' opinion and properly excluded the opined limitations from the hypothetical questions posed to the VE and the RFC.  (Dkt. 16, PgID 909). Accordingly, the Commissioner argues that the RFC appropriately omitted any mental limitations, and that the finding of non-disability based on that RFC is supported by substantial evidence.  (Dkt. 16, PgID 911).

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system

in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to

7

evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800

F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight.  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council."  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly

9

addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

B.   <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his

11

> or her past relevant work, if other work exists in the
> national economy that plaintiff can perform, in view of
> his or her age, education, and work experience, benefits
> are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing,

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence

and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

12

differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.   <u>Analysis</u>

As noted generally in both parties' briefs, the ALJ rejected reviewing psychologist, Dr. Balunas' opinion limiting plaintiff to simple one and two step tasks.  (Dkt. 9-2, PgID 304).  Notably, the ALJ accepted Dr. Balunas' "opinions regarding most of the mental residual functional capacity..." *Id*.  Dr. Balunas' MRFC found plaintiff to be moderately limited in her ability to carry out detailed instructions, to maintain attention and concentration for extended periods, to interact appropriately with the general public, and to respond appropriately to changes in the work setting.  (Dkt. 9-3, PgID 362-364).

In addition to rejecting the opinion of Dr. Balunas, the ALJ gave no weight to the report of examining psychological consultant, Shelley Bonanno, M.A.  (Dkt. 9-2, PgID 304-305; Dkt. 9-7, PgID 795-801).  Ms. Bonanno's report noted her observations that plaintiff was emotionally overwhelmed and slightly guarded. (Dkt. 9-7, PgID 796-797).   She also noted that plaintiff demonstrated adequate motivation and contact with reality, but poor self-esteem and poor insight.  She

13

was noted as not appearing to exaggerate or minimize her symptoms. (Dkt. 9-7, PgID 798). Ms. Bonanno noted that plaintiff's stream of mental activity was often tangential and that she frequently had to be redirected to questions asked. She also noted plaintiff's suspiciousness and feelings of paranoia. *Id.* The report reflected that plaintiff was oriented as to person, place and time, but was emotionally labile throughout the assessment. (Dkt. 9-7, PgID 799).

"Medical opinions are statements from physicians and psychologists or other 'acceptable medical sources' that reflect judgments about the nature and severity of an individual's impairment(s), including symptoms, diagnosis and prognosis, what the individual can still do despite the impairment(s), and physical and mental restrictions." SSR 06-3p, 2006 WL 2329939, at *2 (2006).

> An opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a "nonexamining source"), and an opinion from a medical source who regularly treats the claimant (a "treating source") is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a "nontreating source").

*Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 375 (6th Cir. 2013)(internal citations omitted).

An ALJ is required to evaluate every medical opinion of record, and set forth a valid basis for rejecting any. 20 C.F.R. §404.1527; *see Shelman v. Heckler*,

14

821 F.2d 316, 321 (6ᵗʰ Cir. 1987). The Commissioner may not disregard opinions of a consulting physician which are favorable to a claimant. *See Lashley v. Sec'y*, 708 F. 2d 1048, 1054 (6ᵗʰ Cir. 1983).

Moreover, "in weighing medical evidence, 'ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.'" *Allen v. Comm'r of Soc. Sec.*, No. 12-15097, 2013 WL 5676254, at *15 (E.D. Mich. Sept. 13, 2013)(citing *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009)) . An ALJ may not substitute his [or her] own medical judgment for that of a treating or examining doctor where the opinion of that doctor is supported by the medical evidence. *See Simpson*, 344 F. App'x at 194; *see also Bledsoe v. Comm'r of Social Sec.*, 2011 WL 549861, at *7 (S.D.Ohio 2011) ("An ALJ is not permitted to substitute her own medical judgment for that of a treating physician and may not make her own independent medical findings."); *Mason v. Comm'r of Soc. Sec.*, 2008 WL 1733181, at * 13 (S.D.Ohio 2008) ("[t]he ALJ must not substitute his own judgment for a doctor's conclusion without relying on other medical evidence or authority in the record."). In other words, "[w]hile an ALJ is free to resolve issues of credibility as to lay testimony, or to choose between properly submitted medical opinions, the ALJ cannot substitute his [or her] own lay 'medical' opinion for that of a treating or examining

15

doctor." *Beck v. Comm'r of Soc. Sec.*, 2011 WL 3584468, at *14 (S.D.Ohio 2011). This is so even though the final responsibility for the RFC determination is an issue reserved to the Commissioner. *Allen*, 2013 WL 5676254, at *15 .

Here, the ALJ rejected the opinions of both the examining (Ms. Bonanno) and non-examining (Dr. Balunas) consultants. Plaintiff was not treating with any mental health professional after her alleged onset date,[1] hence the record contains no treating source opinion. (Dkt. 9-2. PgID 304). That the ALJ has given no weight to any of the mental health professional opinions of record suggests that she erroneously and impermissibly substituted her own medical findings to fill that void. *See Allen,* 2013 WL 5676254, at *15.

Moreover, although the ALJ endorses some of Dr. Balunas' opinions, she rejects the consultant's opinion about plaintiff's limitations to one and two step tasks. (Dkt. 9-2, PgID 304). Not only is this disregard for an opinion favorable to plaintiff prohibited, *see Lashley*, 708 F. 2d at 1054, but, when combined with the absence of any contradicting medical opinion, and the total rejection of Ms. Bonanno's report, it further demonstrates that the ALJ improperly substituted her

---

[1]The ALJ's decision notes that plaintiff claimed she could not afford mental health treatment and that her emergency room records indicated that she presented as depressed and mentally confused, was diagnosed with anxiety and prescribed Trazadone. (Dkt. 9-2, PgID 303; Dkt. 9-7, PgID 649).

own medical opinion against the weight of the evidence. *See Allen,* 2013 WL
5676254, at *15.

I therefore suggest that the ALJ committed reversible error in failing to
properly evaluate the opinions of the consulting examiners. Although ultimately
a finding of no disability at either step four or five of the sequential evaluation
may be appropriate in this case, substantial evidence does not exist on the record
to support the current RFC determination. The only mental functional limitations
in the record are those imposed by Dr. Balunas, which the ALJ rejected. There is
no mental RFC determination by any other physician or mental health
professional. Thus, the ALJ's RFC determination was not based on any medical
opinion but was apparently formulated based on the ALJ's own independent
interpretation of the record. *See Allen,* 2013 WL 5676254, at *16. Under these
circumstances, the ALJ's RFC is not supported by substantial evidence and remand
is necessary because the ALJ improperly relied on the RFC to conclude that
plaintiff can perform her past relevant work. A remand is necessary to obtain a
proper evaluation of medical source opinion and for a redetermination of plaintiff's
RFC. Accordingly, I recommend the case be remanded under sentence four of 42
U.S.C. § 405(g) to give the ALJ an opportunity to conduct the proper evaluation of
all of the medical opinion evidence.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED** and that this matter be **REMANDED** for further proceedings under Sentence Four.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 9, 2015                          s/Michael Hluchaniuk
                                             Michael Hluchaniuk
                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on March 9, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                             s/Tammy Hallwood
                                             Case Manager
                                             (810) 341-7887
                                             tammy_hallwood@mied.uscourts.gov

19